IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 395 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BRIAN JAMES MOUDRY | ) | |

**DEFENDANT BRIAN JAMES MOUDRY'S
MOTION TO DISMISS COUNT THREE OF THE INDICTMENT**

The indictment in this case is constitutionally infirm on its face. The prosecution wants BRIAN JAMES MOUDRY to spend at least the next 15 years of his life in prison. The problem for the prosecution is that the Double Jeopardy Clause of the Fifth Amendment to the Constitution and the Seventh Circuit Court of Appeal's precedent preclude it from presenting a multiplicitous indictment to the jury. Indeed, the government seeks to convict Mr. Moudry in a manner that is plainly unconstitutional, legislatively unauthorized and contrary to well-settled circuit precedent. Mr. Moudry, through his attorneys MIANGEL CODY and DANIEL MCLAUGHLIN of the Federal Defender Program, respectfully moves this Honorable Court to dismiss Count Three of the Indictment because it places him in double jeopardy in violation of the Fifth Amendment. In further support of dismissal, we state as follows:

**I. INTRODUCTION**

The prosecution's entire case arises out of a single incident. The government alleges that, on June 17, 2007, Brian Moudry used fire in an attempt to burn down an African

American family's home located at 318 S. Reed Street in Joliet, Illinois, and that he did so because of the family's race and occupancy of the dwelling. Nearly five years after the fire, the grand jury returned a three-count indictment. Moudry is charged with committing arson, in violation of Title 18, United States Code, Section 844(i) (Count One, which carries a five-year mandatory minimum penalty); using fire to intimidate and interfere with federally protected housing rights, in violation of Title 42, United States Code, Section 3631(a) (Count Two); and using fire to commit a felony, in violation of Title 18, United States Code, Section 844(h) (Count Three, which carries a mandatory consecutive ten-year penalty).

The problem for the government is the Constitution and Seventh Circuit's precedent prevents it from presenting its flawed charge to the jury. In <u>United States v. Konopka</u>, 409 F.3d 837 (7th Cir. 2005), the appellate court reaffirmed its long-standing precedent that double-jeopardy protection precludes a district court from imposing consecutive sentences under Section 844(i) and Section 844(h). Furthermore, a conviction for housing-rights-arson under 42 U.S.C. § 3631 cannot serve as a predicate felony for a § 844(h) conviction, because the latter is merely a lesser included offense for which double jeopardy precludes cumulative punishment.

This Court must decline the government's invitation to try a case that, by design, is constitutionally defective. Because Count Three (the use-of-fire count) cannot run consecutive to *either* Counts One or Two, it must be dismissed.

## II. ARGUMENT

The Fifth Amendment's Double Jeopardy Clause "protects not only against a second trial for the same offense, but also against multiple punishments for the same offense." Whalen v. United States, 445 U.S. 684, 688 (1980) (reversing defendant's conviction on double-jeopardy grounds). As the Whalen Court explained, basic constitutional principles guarantee a defendant's right to be free from unlawfully cumulative punishments:

> The Double Jeopardy Clause at the very least precludes federal courts from imposing consecutive sentences unless authorized by Congress to do so. The Fifth Amendment guarantee against double jeopardy embodies in this respect simply one aspect of the basic principle that within our federal constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with the Congress. If a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty.

Id. at 698.

In essence, the Double Jeopardy Clause "prevent[s] the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983); see also Konopka, 409 F.3d 837 (same). The Supreme Court has instructed lower courts to "presume that where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense." Rutledge v. United States, 517 U.S. 292, 297 (1996) (quoting Whalen, 445 U.S. at 691-92); see also United States v. Chaney, 559 F.2d 1094 (7th Cir. 1977)(finding defendant's convictions under § 844(i) and § 844(h)(1) violated double jeopardy "because they would be proved by identical evidence").

3

There are two double-jeopardy problems in this case: First, Moudry cannot be convicted and sentenced consecutively on Counts One and Three because our circuit's precedent in Konopka, 409 F.3d 837, makes clear that the five-year mandatory minimum sentence for arson under 18 U.S.C. § 844(i) cannot run consecutive to the mandatory consecutive ten-year arson enhancement codified at 18 U.S.C. § 844(h). Second, Congress did not clearly intend cumulative punishments for housing-rights arson proscribed under § 3631 (Count Two ) and use of fire to commit a felony under § 844(h)(1) (Count Three). Rather, Count Three is a lesser included offense of Count Two for which the Fifth Amendment proscribes cumulative punishment.

The Double Jeopardy Clause precludes Count Three from running consecutive to *either* Counts One or Two of the indictment.

### A. The indictment is multiplicitous because Counts One and Three charge only one offense and, consequently, place Moudry in double jeopardy.

> For why would Congress want the use of fire to enhance the punishment for using fire? . . .The government's position amounts to arguing that in enacting [Section 844(h)] Congress intended to increase the sentence for arson by 10 years. There is no indication of such an intention. . . the term 'any felony' in section 844(h) means any felony *other than arson*."
>
> Konopka, 409 F.3d at 839 (emphasis added).

Count One charges Moudry with using fire to damage and destroy a house located at 318 S. Reed Street, in violation of 18 U.S.C. § 844(i).[1] If convicted, Count One ("the arson

---

[1] Title 18 U.S.C. Section 844(i) states, in relevant part:

count") carries a mandatory minimum penalty of five years' imprisonment and up to 20 years. Duplicatively, Count Three ("the use-of-fire count") charges Moudry with using fire at 318 S. Reed Street to commit a felony, in violation of 18 U.S.C. § 844(h).[2] If convicted, Count Three carries a mandatory minimum penalty of ten years' imprisonment. Importantly, if Moudry is convicted on Count Three, the statute states that the ten-year mandatory minimum "[shall not] run concurrently with any other term of imprisonment." 18 U.S.C. § 844(h)(1).

The indictment is constitutionally infirm on its face and must be dismissed, because the five-year minimum sentence for arson under § 844(i) cannot run consecutive to the ten-year mandatory sentence for use of fire to commit a felony under § 844(h)(1).[3] Indeed, the

---

> Whoever . . . uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . . including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

[2] Title 18 U.S.C. § 844(h)(1) provides:

> Whoever – (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, ... including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years.... Notwithstanding any other provision of law, ... the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

[3] Dismissal is the appropriate remedy for a multiplicitous indictment. United States v. Chaney, 559 F.2d 1094 (7th Cir. 1977); see, e.g., United States v. Podell, 869 F.2d 328, 331 (7th Cir. 1989) ("In this circuit a failure to raise a multiplicity claim before trial constitutes a waiver.")

Seventh Circuit addressed precisely this scenario in United States v. Konopka, 409 F.3d 837 (7th Cir. 2005). The defendant in Konopka was convicted of committing arson under 18 U.S.C. § 844(i) and using fire to commit a federal felony under 18 U.S.C. § 844(h)(1). Like Moudry, the Konopka defendant faced a five-year minimum sentence on the § 844(i) arson count and a ten-year mandatory consecutive sentence on the § 844(h) use-of-fire count. The question presented on appeal was whether double-jeopardy protection prevented the trial court from sentencing the defendant to consecutive punishments under § 844(i) and § 844(h). The Seventh Circuit ruled the consecutive punishments unconstitutional and vacated the Konopka defendant's convictions.

      The Konopka court's holding is instructive and, indeed, binding. The court rhetorically explained why §844(h)'s use-of-fire provision cannot run consecutive to a mandatory five-year federal arson penalty: "(W)hy would Congress want the use of fire to enhance the punishment for using fire?" Id. at 839. The appellate court compared the legislative intent of the respective statutes. Concerning the use-of-fire provision, the court reasoned: "Section 844(h) reflects the view of Congress that fire (or the use of explosives, which is also covered by the section) is especially dangerous because it can so easily get out of hand and cause widespread destruction and that therefore felonies effected by means of fire should be punished more severely than felonies effected by other means." Id. The court then turned to the legislative intent of the federal arson statute and recognized that stiff congressional penalties are already embedded in 18 U.S.C. § 844(i): "But the heavy federal

penalty for arson, see 18 U.S.C. § 844(i) (5 to 20 years even if no one is injured), is based on precisely the same idea-that fire is abnormally dangerous." Id. Ultimately, the Seventh Circuit squarely rejected the government's position that Congress intended to increase the sentence for arson by 10 years and held that "the term 'any felony' in section 844(h) means any felony *other than arson*." Id. (emphasis added).

Konopka was not an aberrational decision. Rather, the Court's decision was a affirmation of its longstanding holding in United States v. Chaney, 559 F.2d 1094 (7th Cir. 1977). Like Moudry, the defendant in Chaney was charged with violating § 844(i) and § 844(h). The district court in Chaney denied the defendant's motion to dismiss § 844(h)'s use-of-fire count on double-jeopardy grounds.[4] The Seventh Circuit found constitutional error and reversed. Specifically, the court noted that the counts were "identical, apart from the fact that Count I alleges a violation of 18 U.S.C. s 844(i) and Count III a violation of 18 U.S.C. s 844(h)(1)." Id. at 1096. The court also noted the government's evidence established that "only one basic incident was involved" and "the explosive in each count referred to a single explosive." Id. The court ultimately held that "Counts I and III of this indictment constitute the same offense within the meaning of the double jeopardy clause because they would be proved by identical evidence. Therefore, defendant's motion to dismiss Count III of the indictment should have been granted." Id.; see also United States v. Corona, 108 F.3d 565, 572 (5th Cir. 1997) (finding double-jeopardy violation and agreeing that "[t]he Seventh

---

[4] The defendant in Chaney used an explosive, rather than fire to commit a felony. However, the difference is inconsequential to the court's analysis and holding, as both instruments are proscribed by 18 U.S.C. § 844(h)(1).

7

Circuit has sensibly held that convictions under § 844(h)(1) and § 844(i) create a double jeopardy violation when the § 844(i) offense is the crime in which the defendant used fire.").

The government seeks to convict Moudry in a manner that is unconstitutional, legislatively unauthorized and contrary to well-settled circuit precedent. It seeks the five-year mandatory minimum penalty in section 844(i) by charging Moudry with committing arson at 318 S. Reed Street. Simultaneously, the government seeks the ten-year mandatory *consecutive* sentence under § 844(h) for precisely the same conduct: using fire to commit a felony, namely to burn down 318 S. Reed Street. The double-jeopardy problem is clear.

Furthermore, it is immaterial that the prosecution has used Count Two (the housing count), rather than Count One (the arson count), as its predicate felony for Count Three's use-of fire conviction. Section 844(h)(1) states that the ten-year mandatory consecutive penalty "[shall not] run concurrently with *any other term* of imprisonment." 18 U.S.C. § 844(h)(1) (emphasis added). In other words, regardless of whether the arson count is the named predicate felony for the use-of-fire count, the fact remains that the court would be statutorily required to impose consecutive sentences on those counts. Therefore, the double-jeopardy problem here – that Moudry faces a mandatory, cumulative 15 years' imprisonment – cannot be cured merely with creative prosecutorial pleading. Indeed, this scenario drew harsh criticism from the appellate court in Corona, 108 F.3d 565:

> *The prosecution framed these indictments carefully in order to avoid a more obvious double jeopardy violation.* If the predicate offense in the use-of-fire count had been the arson charged in count two, those two counts would differ only in name – both would punish the defendants for burning buildings with an effect on interstate commerce. The Seventh Circuit has sensibly held that

8

> convictions under § 844(h)(1) and § 844(i) create a double jeopardy violation when the § 844(i) offense is the crime in which the defendant used fire. United States v. Chaney, 559 F.2d 1094, 1095-96 (7th Cir.1977). . . . The only way for the prosecution to evade the sort of violation found in Chaney was to make count one rather than count two into the predicate underlying the use-of-fire charge. We have seen this tactic before. . . . *Our question is whether the prosecution's sleight of hand reflects a use of § 844(h)(1) that comports with the punishment that Congress intended for defendants. . . . [Our precedents] spring from a concern that the prosecution's creative pleading can lead to unauthorized multiple punishment.*

Id. at 572-74 (emphasis added). Ultimately, the Corona court reversed on double-jeopardy grounds, notwithstanding the government's "creative pleading." Id. at 574. Here too, the government cannot simply mask the Fifth Amendment violation with creative charging. To do so would impermissibly place form over substance.

As in Chaney and Konopka, the use-of-fire count here must be dismissed. Our circuit's precedent makes clear that Moudry cannot be convicted and subjected to cumulative sentences for the arson and use-of-fire counts because "the term 'any felony' in section 844(h) means any felony other than arson." Id. If the prosecution prevails at trial, the verdict would require the court to exceed its judicial authority and impose an illegal sentence of at least 15 years' imprisonment.

> **B.      The indictment is multiplicitous because Count Three is a lesser included offense of Count Two and, therefore, double-jeopardy protection precludes cumulative punishment.**

The government's second double-jeopardy problem is this: a conviction for housing-rights arson under 42 U.S.C. § 3631 cannot serve as a predicate felony for the

9

use-of-fire provision in 18 U.S.C. § 844(h)(1), because the latter arson is merely a lesser included offense of the former. Count Two charges Moudry with using fire to interfere with the federally protected housing rights of the 318 S. Reed Street occupants, in violation of 42 U.S.C. § 3631.[5] Ordinarily, a § 3631 offense is a misdemeanor for which the punishment cannot exceed one year of imprisonment. However, when fire (or another instrument named in the statute) is used, the offense becomes a felony and is punishable by up to ten years' imprisonment. Simply stated, a § 3631 offense is a felony when fire is used; intimidation without fire (or other named instrument) is a misdemeanor. According to the indictment here, the use-of-fire count in Count Three is predicated upon the § 3631 fair housing violation charged in Count Two.

When multiple punishments are at issue, the court must conduct a two-part inquiry. First, the court must determine whether Congress clearly intended for the defendant's singular act to be subject to cumulative punishments. If statutory language clearly authorizes cumulative punishment, there is no double jeopardy violation. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983); Albernaz v. United States, 450 U.S. 333, 336 (1981). But if that inquiry is

---

[5] Title 42 U.S.C. § 3631 prohibits willful interference with an individual's housing rights, based on race, color, religion, sex, handicap, familial status, or national origin. In pertinent part, the statute states:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with-
> (a) any person because of his race ... and because he is or has been selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling ...shall be fined under title 18 or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined under title 18 or imprisoned not more than ten years, or both. . . .

inconclusive or legislative intent is ambiguous, the court must then apply the statutory interpretive tool announced in Blockburger v. United States, 284 U.S. 299 (1932). In Blockburger, the Court created a presumption that Congress does not intend the same act to be punished twice under separate statutes unless "each provision require[s] proof of an additional fact which the other does not." 284 U.S. at 304. In other words, when multiple statutory provisions are at issue, *each offense* must contain an element of proof not contained in the sum of the elements of the other offenses. Id. If one statute has an element missing from the second, but all of the second's elements are in included the first, then the second is a lesser included offense of the first. Double jeopardy proscribes cumulative penalties for greater and lesser included offenses. See United States v. Dixon, 509 U.S. 688 (1993); Brown v. Ohio, 432 U.S. 161(1977).

As for the first prong, when it enacted § 844(h)(1), Congress did not clearly and unambiguously intend to impose a ten-year additional consecutive punishment for a single act of § 3631 arson. See Konopka, 409 F.3d at 839 (stating there is "no indication of such an intention" of Congress to impose a 10-year, use-of-fire enhancement in arson cases); see also Corona, 108 F.3d at 572 (noting there is "no indication from Congress that every arson should be subject to the [ ]enhancement set out in § 844(h)(1)).[6]

---

[6] Further still, ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. Ladner v. United States, 358 U.S. 169 (1958). As the Court said in Ladner:"This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Id. at 178; see also Whalen, 445 U.S. at 694 (reversing on double-jeopardy grounds and observing that: "To the extent that the Government's argument persuades us that *the matter is not entirely free of doubt*, the doubt must be resolved in favor of lenity.") (emphasis added); United States v. Podell, 869 F.2d at 332 (stating, in the double jeopardy context,

As for the second prong, the indictment here fails the Blockburger elements test. It is undisputed that the government's case arises out of a single incident: the Reed Street fire on June 17, 2007. To convict on Count Two, the government must prove Moudry used arson to interfere with the federally protected housing rights of the 318 S. Reed Street occupants. The problem is that Count Three, the use-of fire count, does not require proof of any additional fact. Count Three is merely a lesser included offense of Count Two because, in this factual scenario, the government's proof on Count Two is wholly sufficient to meet its burden of proof on Count Three. In other words, if a jury finds Moudry guilty on Count Two, then a guilty verdict on Count Three is a *fiat accompli*. Double Jeopardy forecloses cumulative punishment precisely in this scenario.

To be sure, Moudry's argument (embraces but) extends beyond the categorical premise that § 844(h)'s ten-year add-on can never run consecutive to a § 3631 conviction that involved fire. This Court need not reason that far to resolve this motion to dismiss. Moudry's argument is that § 844(h)'s ten-year add-on cannot run consecutive to a § 3631 conviction *in this case where the act was arson*, because Count Three requires nothing more than the exact same act and evidentiary proof that triggered the felony-enhancing provision in Count Two – that Moudry used fire to commit arson at 318 S. Reed Street. Therefore, Moudry cannot be convicted and sentenced consecutively on Counts Two and Three.

---

"the principle of lenity counsels us to resolve all doubts against the imposition of harsher punishment" and reversing defendant's conviction).

### III. CONCLUSION

For these reasons, Defendant BRIAN JAMES MOUDRY respectfully moves for dismissal. The government's multiplicitous and, indeed, constitutionally infirm indictment must not be presented to Mr. Moudry's jury. This case fits squarely within the Seventh Circuit's double-jeopardy precedent. Because Count Three (the use-of-fire count) cannot run consecutive to *either* Counts One or Two, it must be dismissed.

Respectfully submitted,
FEDERAL DEFENDER PROGRAM
Carol A. Brook
Executive Director

By:     /s / MiAngel Cody
       *Counsel for Brian James Moudry*
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8348

## CERTIFICATE OF SERVICE

The undersigned,     MiAngel Cody    , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT BRIAN JAMES MOUDRY'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on October 12, 2012, to counsel/parties that are non-ECF filers.

By:     s/ MiAngel Cody

FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8348