1S

**FILED**

1-18-13

JAN 1 8 2013

Judge Robert W. Gettleman
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 395 |
| vs. | ) | Judge Robert W. Gettleman |
| | ) | |
| BRIAN JAMES MOUDRY | ) | |

## PLEA AGREEMENT

1.    This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, GARY S. SHAPIRO, and defendant BRIAN JAMES MOUDRY, and his attorneys, MIANGEL CODY AND DANIEL MCLAUGHLIN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C) and Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.    The indictment in this case charges defendant with arson, in violation of Title 18, United States Code, Section 844(i) (Count One); the use of fire in the interference of another occupying a dwelling because of the occupant's race, in violation of Title 42, United States Code, Section 3631(a) (Count Two); and the use of fire in the commission of a felony, namely, the use of fire in the interference of another occupying a dwelling because of the occupant's race, in violation of Title 18, United States Code, Section 844(h)(1) (Count Three).

3.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorneys.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Two, which charges defendant with the use of fire in the interference of another occupying a dwelling because of the occupant's race.

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charge contained in Count Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about June 17, 2007, at Joliet, in the Northern District of Illinois, Eastern Division, defendant BRIAN JAMES MOUDRY, did, by force and threat of force involving the use and attempted use of fire, willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, Victim A and her family, all of whom were African American, because of their race and because they were renting and occupying a dwelling, namely, a house located at 318 South Reed Street in Joliet, Illinois, in violation of Title 42, United States Code, Section 3631(a).

2

More specifically, in 2007, defendant resided at a house on Reed Street in Joliet, Illinois. In approximately May 2007, Victim A and her family, all of whom were African American, rented a house located at 318 South Reed Street ("the Residence") from the owner of the Residence. The Residence was several houses down from defendant's house on Reed Street. After Victim A and her family moved into the Residence, defendant was upset that an African American family had moved into his neighborhood.

On June 17, 2007, at approximately 4:00 a.m., defendant carried a can containing gasoline to the Residence, splashed gasoline on the Residence, and then ignited the gasoline. Defendant does not contest that, at the time he set the fire at the Residence, nine African Americans were inside the Residence. Defendant set the fire at the Residence because African Americans were renting the Residence, and Defendant intended to interfere with their continued ability to rent the Residence and to intimidate the owner of the Residence from continuing to rent to African Americans.

## **Maximum Statutory Penalties**

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

      a.     A maximum sentence of 120 months' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

3

b. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2012 Guidelines Manual.

b. **Offense Level Calculations.**

i. It is the government's position that the base offense level is 33, pursuant to Guideline §§ 2H1.1(a)(1) and 2A2.1(a)(1), because the object of the offense

4

would have constituted first degree murder. Defendant reserves the right to contest the application of these Guidelines sections.

ii.     It is the government's position that pursuant to Guideline § 3A1.1(a), the offense level is increased 3 levels because defendant selected the property for the offense because it was occupied by an African American family. Defendant reserves the right to contest the application of Guideline § 3A1.1(a).

iii.     It is the government's position that pursuant to Guideline § 3A1.1(b)(1), the offense level is increased 2 levels because the defendant knew that the victims of the offense were vulnerable, namely minor children. Defendant reserves the right to contest the application of Guideline § 3A1.1(b)(1).

iv.     If the Court determines at the time of sentencing that defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level will be appropriate. The government reserves the right to take whatever position it deems appropriate at the time of sentencing with respect to whether defendant has accepted responsibility within the meaning of Guideline § 3E1.1(a).

v.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the

5

government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

        c.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 2 and defendant's criminal history category is II:

        i.     On or about on May 20, 2011, defendant was convicted in Will County of disorderly conduct and was sentenced to 60 days' imprisonment. Defendant receives two criminal history points for this sentence.

        d.     **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, if the Court determines that defendant has accepted responsibility for purposes of Guideline § 3E1.1(a), it is the government's position that the anticipated offense level is 35, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory Sentencing Guidelines range of 120 months' imprisonment pursuant to Guideline § 5G1.1(a), in addition to any supervised release, fine, and restitution the Court may impose.

        e.     Defendant and his attorneys and the government acknowledge that the

6

above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

       f.      Both parties expressly acknowledge that this Agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

      10.    This Agreement will be governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the

Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 120 months. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d) and (e). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement.

11.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution to victims in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

12.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

13.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

15.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

16.     This Agreement is entirely voluntary and represents the entire agreement between the Acting United States Attorney and defendant regarding defendant's criminal liability in case 12 CR 395.

17.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

18. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

      a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

          i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

          ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorneys would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

          iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that

count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.     **Waiver of appellate rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the

sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

    c.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorneys have explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

   19.  Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

20.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

13

**Other Terms**

22.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23.     Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency, for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant.

**Conclusion**

24.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

25.     Defendant understands that his compliance with each part of this Agreement

14

extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26.    Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

15

27.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorneys. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: ____1 / 18 / 2013____

_____
GARY S. SHAPIRO
Acting United States Attorney

_____
BRIAN JAMES MOUDRY
Defendant

_____
NANCY DEPODESTA
STEVEN J. DOLLEAR
Assistant U.S. Attorneys

_____
MIANGEL CODY
Attorney for Defendant

_____
DANIEL MCLAUGHLIN
Attorney for Defendant

16